(No. 3209—

Pure Oil Company, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 11, 1938.*

Claimant, pro se.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

From the stipulation of facts herein it appears that between June 6th and June 20th, 1937, the claimant, pursuant

to proper authorization, order and request furnished and delivered to the respondent at Naperville, for use in connection with the operation and maintenance of certain motor vehicles used by the Division of Highways, Department of Public Works and Buildings of the respondent, thirty-six gallons of gas and eleven pounds of grease; that the usual and customary charge therefor at that time and place was $9.14; that no bill therefor was presented prior to September 30th, 1937, the date on which the appropriation lapsed out of which payment should have been made; that at the time such merchandise was puchased, there was an unexpended balance in the appropriation out of which payment should have been made, sufficient to pay such claim in full.

We have repeatedly held that where supplies have been furnished to the State on the order or request of an official authorized to purchase the same, and a bill therefor has been submitted within a reasonable time, but the same has not been approved and vouchered for payment before the lapse of the appropriation from which it is payable, without any fault or neglect on the part of the claimant, an award for the reasonable value of such supplies will be made, where at the time of the purchase thereof, there were sufficient funds remaining unexpended in the proper appropriation to pay for the same. *Rock Island Sand and Gravel Co.* vs. *State,* 8 C. C. R. 165; *Indian Motorcycle Co.* vs. *State,* 9 C. C. R. 526; *Wabash Telephone Co.* vs. *State,* No. 3105, decided at the January Term, 1938.

Claimant presented its claim within a reasonable time, and under the facts and the law as above set forth, is entitled to an award.

Award therefore is entered in favor of the claimant for the sum of Nine Dollars and Fourteen Cents ($9.14).